UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAKOTA IMAGING, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:05-CV-296 (SLR) |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SANDEEP GOEL and ) | |
| PRADEEP GOEL, ) | |
| ) | |
| Defendants/Counterclaim- ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DAKOTA IMAGING, INC., ) | |
| ENVOY CORPORATION, and ) | |
| WEB MD CORPORATION, ) | |
| ) | |
| Counterclaim- ) | |
| Defendants ) | |
| ) | |

## PLAINTIFF'S AND COUNTERCLAIM-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REMAND

Plaintiff/Counterclaim Defendant Dakota Imaging, Inc ("Dakota"), as well as

Counterclaim Defendants Envoy Corporation ("Envoy") and WebMD Corporation ("WebMD"),

submit this memorandum of law in support of their motion to remand the above-entitled action to

the Court of Chancery of the State of Delaware in and for New Castle County ("Chancery

Court"), from which court the Defendants/Counterclaim Plaintiffs Sandeep Goel ("Sandeep")

and Pradeep Goel ("Pradeep") (collectively "the Goels") attempted to remove the action to this

Court  As more fully described below, the Goels' Notice of Removal (hereinafter, the "Notice of

Removal" annexed hereto as exhibit A) is purportedly based upon this Court's diversity

jurisdiction pursuant to 28 U S C  § 1332 (Notice of Removal, ¶7), but is fatally flawed as the

Goels fail to allege complete diversity of citizenship among the adverse parties as explicitly required by federal law, or offer any evidence that such diversity exists.

## BACKGROUND

Dakota is a Maryland corporation with a principal place of business in Columbia, Maryland. Dakota is a wholly-owned subsidiary of Envoy which, in turn, is a wholly owned subsidiary of WebMD Corporation. Dakota is a citizen of Maryland for purposes of federal diversity jurisdiction.

Sandeep, Pradeep, Carol Gupta and the EAC Investment Limited Partnership were parties to an Agreement and Plan of Merger (the "Merger Agreement") by which they sold their shares in Dakota to Envoy (through a subsidiary) in April 2005. WebMD was also a party to the Merger Agreement as a guarantor of payment to the Dakota shareholders upon closing of the Merger. Contemporaneously with the execution of the Merger Agreement, Sandeep and Pradeep executed employment agreements (the "Employment Agreements") with Dakota, which became a wholly-owned subsidiary of Envoy pursuant to the Merger Agreement.

Dakota commenced this action for breach of the Goels' Employment Agreement in the Chancery Court on April 6, 2005. Dakota alleged in its Complaint that Sandeep is a resident of Florida, and Pradeep is a resident of Maryland. As discussed infra, Dakota believes that Pradeep is also a citizen of Maryland.

On May 9, 2005, the Goels answered Dakota's Complaint and counterclaimed against Dakota, Envoy and WebMD for, among other things, breach the Employment Agreements and breach of the Merger Agreement.

On May 16, 2005, the Goels filed the Notice of Removal with this Court, alleging diversity because, among other thing, Pradeep is a "resident of Florida." The Notice nowhere

-2-

asserts that Pradeep is a citizen of Florida, nor alleges facts to support such an assertion  In fact, the Notice of Removal is silent as to the citizenship of all parties to this action

## GOVERNING LEGAL STANDARD

In the absence of subject matter jurisdiction, "the case shall be remanded "  28 U S C  § 1447(c)  The Goels, as the removing parties, bear the burden of establishing that removal was proper  Shamrock Holdings of California, Inc. v. Arenson, C A  No  04-1339-SLR, 2005 WL 400198, at *3 (D  Del  Jan  27, 2005) (citing Steel Valley Auth. v. Signal Div. Am. Standard, Inc., 809 F 2d 1006 (3d Cir  1987))[1]

Because lack of diversity jurisdiction would make any decree in this case void and the continuation of the litigation in federal court futile, "the removal statute should be strictly construed and all doubts resolved in favor of remand " Thibodeau v. Comcast Corp., C A  No  04-1777, 2004 WL 2367828, at *3 (E D  Pa  Oct  21, 2004) (citing Brown v. Francis, 75 F 3d 860, 865 (3d Cir  1996)  The removal statute, 28 U S C  § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand  See Warrington v. Allen Family Foods, C A  No  04-1288-SLR, 2004 WL 2730215, at *1 (D  Del  Nov  30, 2004) (citing Steel Valley Auth., 809 F 2d at 1010)

---

[1] Unreported decisions are provided to the Court herewith as Exhibit A

## ARGUMENT

**I.    THE GOELS' HAVE NEITHER ALLEGED THAT THE ADVERSE PARTIES IN THIS MATTER HAVE DIVERSE CITIZENSHIP NOR ALLEGED FACTS SUFFICIENT TO LEAD TO AN INFERENCE OF DIVERSITY AND, AS SUCH, THIS MATTER SHOULD BE REMANDED TO THE CHANCERY COURT.**

      A     **The Goels' Have Made no Allegations of Citizenship in their Notice of Removal and, as such, It Is Facially Defective.**

Complete diversity means that none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen. See McKnight v. Hartford Ins. Co., C.A. No. 05-492, 2005 WL 1109637, at *2 (E.D. Pa. May 11, 2005). Thus, the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship.

Here, the Court does not "know" the place(s) of the Goels' citizenship, so the existence of complete diversity cannot be established, and the requirements of the federal diversity statute have not been satisfied. The Notice of Removal purports that the Goels are residents of Boca Raton, Florida, but does state that the Goels are citizens of Florida or any other state.[2]

When a notice of removal alleges mere residence, the notice of removal is therefore ineffective in terms of properly alleging diversity because allegations of residence are insufficient to establish diversity jurisdiction. See e.g., Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000); Pentz v. Downey, 110 F. Supp. 642, 644 (E.D. Pa. 1953) (citing Realty Holdings Co. v. Donaldson, 268 U.S. 398 (1925)). The Goels' Notice of Removal must establish diversity of citizenship, not diversity of residence. For this reason, the Goels have failed to establish the complete diversity of citizenship necessary for removal and this matter should be remanded to the Chancery Court.

---

[2]    Neither does the Notice of Removal allege that Dakota or Envoy are citizens of any state, merely stating that Dakota is a corporation located in Maryland and is a wholly-owned subsidiary of Envoy.

B       **The Goels Have Failed to Allege any Facts which Would Lead the Court to
        Infer Diversity of Citizenship, in fact, the Record to date Already Leads to a
        Strong Inference that Pradeep is a Citizen of Maryland.**

The Goels' Notice of Removal is remarkably devoid of facts to support removal of this

action based upon diversity jurisdiction  In fact, there are no allegations or facts in the Notice of

Removal supporting the contention that Pradeep is even a <u>resident</u> of Florida, beyond the

conclusory statement that he so resides there  In contrast, the record in this case, <u>already</u> allows

a strong inference that Pradeep is (or was at the time this action was filed), along with Dakota

and Envoy, fellow citizens of Maryland, making remand of this matter appropriate pursuant to 28

U S C  § 1447(c)  The moving parties point out the following information already on the record[3]

in this matter which is essentially uncontested:

(a)     Prior to the execution of the Merger Agreement, Dakota was, and still is, a
        corporation organized under the laws of Maryland with its principal place of
        business in Columbia, Maryland  [Dakota's Complaint ("Cmplt ") ¶2, Goels'
        Answer ("Ans ") ¶2, Notice of Removal ¶4];

(b)     As of at least mid-2003, Pradeep was a principal shareholder of Dakota and chief
        operations officer and chief technology officer, [Cmplt. ¶7, Ans  ¶7], with his
        principal office in Columbia, Maryland;

(c)     On April 5, 2004, Pradeep signed an Employment Agreement with Dakota, which
        called for an initial employment period of <u>five years</u> [Counterclaim, 7-8,
        Employment Agreement, §§ 1 and 3],

(d)     Pursuant to the terms of Pradeep's Employment Agreement, Dakota could not
        "move the base of [Pradeep's] work" more than forty miles from "its present
        location" (which was Columbia, Maryland) within the five-year term of the
        Employment Agreement [Employment Agreement, §1],

(e)     Dakota served its Complaint on Pradeep by registered mail  Consistent with
        Dakota's allegations as to residence (and belief with regard to citizenship),
        Pradeep signed the return service in Odessa, Maryland  Dakota filed the original
        signed return of service in the Chancery Court on April 22, 2005

---

[3]      In addition to information on the record in this matter, the moving parties believe that Pradeep owns a
condominium in Baltimore, Maryland while he appears to own no property in Florida – his alleged place of
"residence "

Whereas the Goels have failed to meet their burden to show that subject matter jurisdiction exists and removal is appropriate, Dakota respectfully requests that this action be remanded to the Chancery Court

## II. IF ENVOY'S MOTION TO DISMISS THE COUNTERCLAIM IS DENIED, ENVOY INTENDS TO BRING ANOTHER MARYLAND PARTY INTO THE CASE ON THE SAME SIDE AS THE GOELS, THUS DESTROYING DIVERSITY.

While Dakota brought this actions based upon the Employment Agreements, the Goels have counterclaimed based upon Dakota's alleged breach of the Merger Agreement  The Merger Agreement contains a binding arbitration clause and Envoy believes that arbitration is the proper forum for the disputes raised by the Goels in connection with the Merger Agreement  As such, Envoy (joined by WebMD) has filed a motion to dismiss the Goels' Counterclaims in favor of binding arbitration

Although at this point it is premature to remand the case due to the prospective addition of a party which would destroy diversity, Envoy brings the following factor to the attention of the Court in the interest of full disclosure  If the Court denies Envoy's motion to dismiss the counterclaim against it, Envoy intends to assert a compulsory counterclaim against the Goels, Carol Gupta and the EAC Investment Limited Partnership for, among other things, unjust enrichment in connection with the purchase of Dakota and breach of representation in the Merger Agreement[4]  Because Ms  Gupta, like Envoy, is believed to be a citizen of Maryland, Ms Gupta's presence as a party would destroy further diversity of citizenship in this matter

---

[4] The breach of representation claim is subject to requirements of a written demand notice and a "meet and confer" session between the parties  Envoy expects to send a demand notice to the Goels, both for themselves and as representatives of the other selling Dakota shareholders

-6-

## **CONCLUSION**

For the above reasons, this matter should be remanded to Court of Chancery of the State

of Delaware in and for New Castle County

Of Counsel:

Harry T. Daniels
Richard A. Johnston
Mark A. Delaney
Cytheria D. Jernigan
WILMER CUTLER PICKERING
HALE AND DORR LLC
60 State Street
Boston, MA 02109
(617) 526-6000

Jesse A. Finkelstein (DSBA 1090)
Michael R. Robinson (DSBA 4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
finkelstein@rlf.com
robinson@rlf.com

*Attorneys for Plaintiff and Counterclaim-*
*Defendants Dakota Imaging, Inc. and*
*Counterclaim-Defendants Envoy Corporation*
*and WebMD Corporation*

Dated: <u>June 7, 2005</u>

RLF1-2884421-1

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered copies of the foregoing document to the following:

> Michael P  Stafford, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P O  Box 391
> Wilmington, DE 19879-0391

I further hereby certify that on June 7, 2005, I have mailed by Federal Express, the document(s) to the following non-registered participants:

> Ward B  Coe III, Esquire
> Kevin C  McCormick, Esquire
> WHITEFORD, TAYLOR & PRESTON
> Seven Saint Paul Street, Suite 1400
> Baltimore, MD 21202

Michael R  Robinson (#4452)
Richards, Layton & Finger, P A
One Rodney Square
920 N  King Street
Wilmington, DE 19801
(302) 651-7700
robinson@rlf com

RLF1-2884580-1