UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAKOTA IMAGING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDEEP GOEL and <br> PRADEEP GOEL, <br><br> Defendants/Counterclaim-Plaintiffs, <br><br> v. <br><br> DAKOTA IMAGING, INC., <br> ENVOY CORPORATION, and <br> WEB MD CORPORATION, <br><br> Counterclaim-Defendants | Civil Action No. 1:05-CV-296 (SLR) <br><br> JURY TRIAL DEMANDED |

## COUNTERCLAIM DEFENDANTS ENVOY CORPORATION'S AND WEBMD CORPORATION'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS COUNTERCLAIMS

Counterclaim-Defendants Envoy Corporation ("Envoy") and WebMD Corporation ("WebMD") respectfully requests this Court, pursuant to Federal Rule of Civil Procedure 26(c), to stay discovery in this matter pertaining to them pending the Court's ruling on their Motion to Dismiss Counterclaim ("Motion to Dismiss") filed on June 7, 2005  In support of this request, Envoy and WebMD state as follows:

## BACKGROUND[1]

On April 5, 2004, the Sandeep Goel ("Sandeep"), Pradeep Goel ("Pradeep") (collectively, the "Goels") and two other Dakota shareholders, Carol Gupta and the EAC Investment Limited Partnership, along with Dakota Imaging, Inc. ("Dakota"), executed an Agreement and Plan of Merger ("Merger Agreement") with Envoy and WebMD.[2] Under the terms of the Merger Agreement, Envoy purchased Dakota for $40,000,000, with certain adjustments, plus up to an additional potential payment of $25,000,000 (the "Earnout") based on the achievement of increases in Dakota's pre-merger earnings over a three-year period. The Merger Agreement provides that all disputes with respect to the Earnout are to be resolved by an independent accounting firm and/or a single arbitrator. On the same day as the execution of the Merger Agreement, Sandeep and Pradeep signed employment agreements (the "Employment Agreements") with Dakota, which would be a wholly-owned subsidiary of Envoy upon closing of the Merger Agreement on April 30, 2004.

On April 6, 2005, Dakota terminated the Goels for cause and Company brought suit against the Goels in the Delaware Court of the Chancery.[3] The suit seeks monetary damages and injunctive relief against the Goels for breach of the Employment Agreements and related causes of action. On May 9, 2005, the Goels filed their Answer and Counterclaim. The Counterclaim purports to assert three causes of action making <u>collective</u> allegations against Dakota, Envoy and WebMD for: (a) Breach of Employment Agreement [Count I]; (b) Breach

---

[1] In order to avoid unnecessary redundancy, the Counterclaim Defendants incorporate by reference the factual and procedural background of this matter more fully laid out in their memorandum of law supporting their Motions to Dismiss Counterclaim.

[2] The Merger Agreement also included a subsidiary of Envoy as a nominal party.

[3] On May 16, 2005, the Goels petitioned to remove this action to the United States District Court for the District of Delaware based upon allegations of diversity. Concurrently with the filing of this memorandum of law, Dakota, Envoy and WebMD have jointly filed a motion to remand this action to Chancery Court because the Notice of Removal fails to establish diversity of citizenship.

of Implied Covenant of Good Faith and Fair Dealing in regard to <u>both</u> the Employment Agreements and the Merger Agreement [Count II]; and (c) Anticipatory Breach of the Merger Agreement [Count III]. Envoy and WebMD have moved to dismiss the Counterclaim in its entirety.[4]

## ARGUMENT

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court has discretion to stay discovery "for good cause shown."[5] Fed. R. Civ. P. 26(c). Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. <u>Spencer Trask Software & Info. Servs., LLC v. Rpost In'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

### I. GOOD CAUSE EXISTS FOR A STAY OF DISCOVERY.

#### A. A Dispositive Motion Has Been Filed With the Court.

Envoy and WebMD have jointly filed a Motion to Dismiss of all Counts in the Counterclaim because, as to Envoy and WebMD, the Goels do not state a claim for which relief can be granted. As more fully described in their Motion to Dismiss, neither Envoy nor WebMD were parties to the Employment Agreements and, as such, have no liability pursuant to those agreements and cannot be liable under Count I of the Counterclaim. Furthermore, the portions of the Counterclaim which involve the Merger Agreement [Counts II and III][6] are seeking damages related to the Earnout provision of the Merger Agreement and <u>must</u> be

---

[4] Dakota has moved for partial dismissal of the Counterclaim and thus has filed a motion for a partial stay of discovery as to it.

[5] Pursuant to Federal Rule 26(c), attached as Exhibit A to this Motion is a Certification that Defendants' counsel has conferred with Defendants/Counterclaim-Plaintiffs' counsel in good faith in an attempt to resolve the dispute that is the subject matter of this Motion.

[6] To the extent that Count I seeks any Earnout related damages, that portion of Count I must also be arbitrated pursuant to the Merger Agreement, which defines the parties rights and responsibilities with regard to Earnout payments.

3

RLF1-2884518-1

arbitrated pursuant to the explicit terms said agreement. [Merger Agreement §§ 1.7 and 10.8]

### B. The Length of Requested Stay is Reasonable in Length.

Envoy and WebMD request only that discovery be stayed until their Motion to Dismiss is decided by the Court. Such a stay does not represent an unreasonable delay and, depending upon the Court's ultimate ruling, the need for discovery may be obviated or vastly reduced in scope. Particularly in light of the strength of Envoy and WebMD's Motion to Dismiss, proceeding with such a process could be costly, burdensome, and most important, unwarranted at this stage. See In re Green Valley Beer, 281 B.R. 253, 257 (Bankr. W.D. Pa. 2002) ("'[T]he Court is to bear in mind that the Debtors' estate must be administered as efficiently and economically as possible.'") (quoting In re First Colonial Corp. of Am., 544 F.2d 1291, 1299 (5th Cir. 1977)).

### C. There will be No Prejudice to Goels from the Granting of a Stay.

A stay of discovery pending resolution of the Motion to Dismiss would not be prejudicial to Goels. Since Dakota filed its initial Complaint in this matter, Envoy and WebMD have been on notice to use their best efforts to preserve documents related to the allegations of the Complaint. Likewise, since the Goels have filed their Counterclaim, Envoy and WebMD have been diligent in preserving documents related to the claims therein. Moreover, Envoy and WebMD are not aware of any reason why the availability of witnesses would be jeopardized by granting the requested stay of discovery. Cf. 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (allowing discovery to proceed where strong likelihood that witnesses' testimony would dissipate due to death or disability).

RLF1-2884518-1

## II.     OTHER RELEVANT FACTORS SUPPORT A STAY OF DISCOVERY.

In addition to the existence of good cause as required by Federal Rule 26(c), courts may look at other relevant factors support a stay of discovery pending resolution of a Motion to Dismiss, include: (a) the likely breadth of the discovery based on the allegations of the Counterclaim; (b) the burden of addressing such broad discovery, and (c) the strength of the Motion to Dismiss. See Spencer Trask Software & Info. Servs., 206 F.R.D. at 368. All of these factors weigh in favor of staying discovery with regard to the Envoy and WebMD.

### A.     The Goels' Vague and Ambiguous Counterclaim Will Lead to Overly Broad Discovery.

Here, the burdens on Envoy and WebMD from any discover are increased because of the Counterclaim's lack of specificity. The Counterclaim is exceedingly confusing as to which causes of action the Goels are asserting against which defendant. In its introductory clause, the Goels refer to Dakota, WebMD and Envoy collectively as "Dakota." [Counterclaim ¶6] However, the numbered paragraphs of the Counterclaim often refer to "Dakota" in a manner that could only mean Dakota itself. [See e.g., Counterclaim ¶¶26-29] Furthermore, in paragraphs 41, 49 and 53, the Counterclaim refers separately to Dakota, Envoy and WebMD. Then, the final paragraph of the Counterclaim seeks judgment in the Goels' favor against "Dakota." The Goels also are vague as to which defendants are the intended targets of the specific counts of the Counterclaim. No specific defendant is identified in the headings of any of the three counts and it is not clear whether the vague and ambiguous terminology throughout the Counterclaim is intentional.

As a result, any discovery relating to the Merger Agreement will lack focus and likely be overly broad. Even the Initial Disclosures mandated by Federal Rule 26(a)(1) would present significant difficulties for Envoy and WebMD. The Rule requires a party, among other

things, to specify individuals and documents or categories of documents that it may use "to support its . . . defenses." As described above, Envoy and WebMD cannot in most cases ascertain from the Counterclaim which Counts apply to which Counterclaim-Defendant.

### B. Envoy and WebMD will Bear a Significant Burden if Discovery is not Stayed.

Moreover, the burden of responding to discovery relating to such vague and poorly pleaded allegations could be onerous. This burden will be greatly reduced by staying discovery until the Court rules on the Motions to Dismiss. See Weisman v. Mediq, Inc., C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. 1995) ("By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned.")

### C. The Envoy and WebMD have put forth Strong Arguments in their Respective Motions to Dismiss

Together with the factors described above, the strength of Envoy and WebMD's Motions to Dismiss mandate that discovery be stayed. The Motions to Dismiss are likely to result in not just in the narrowing of claims, but also in the dismissal of all claims as to Envoy and WebMD. As has been fully described in the Motions to Dismiss, all three Counts of the Counterclaim are subject to dismissal for failure to state a claim against the Envoy and WebMD upon which relief can be granted because, among other things:

- Count I alleges causes of action against all the Counterclaim-Defendants for breach of the Employment Agreements, but Envoy and WebMD were not even parties to those agreements and have no duties or obligations thereunder;
- Count II alleges breach of the duty of good faith and fair dealing by all the Counterclaim-Defendants with regard to both the Employment Agreements and the Merger Agreements insofar as the Counterclaim-Defendants interfered with the Goels purported right to Earnout payments, but: (a) Envoy and WebMD were

6

not a party to the Employment Agreements; (b) WebMD was specifically absolved of the relevant liability under the very terms of the Merger Agreement; and (c) disputes related to the Merger Agreement must be arbitrated by the explicit terms of the Merger Agreement; and

- Count III alleges anticipatory breach of the Merger Agreement by all the Counterclaim-Defendants insofar as they allegedly breached the Earnout provision of the Merger Agreement, but such a dispute must be arbitrated by the explicit terms of the Merger Agreement

To grant a stay based upon a motion to dismiss, the Court need only determine that the moving party have "substantial arguments" for dismissal Spencer Trask, 206 F.R.D. at 368; see also Rivera v. Heyman, C.A. No. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss "appear[ed] to be substantially grounded."), Weisman v. Mediq, Inc., C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (granting stay where "the comprehensive motion . . . may be decided on the pleadings an may potentially lead to dismissal of the entire action.") As the Court will see, Envoy and WebMD's Motion to Dismiss more than meets this standard.

### III. IF CERTAIN CLAIMS MUST BE ARBITRATED, THE ARBITRATOR SHOULD DECIDE THE EXTENT OF DISCOVERY TO BE ACCORDED THE PARTIES.

Envoy and WebMD have argued, in part, that if the Goels are entitled to assert claims against them with respect to the Earnout payments under the Merger Agreement, those claims must be arbitrated. See Envoy and WebMD's Memorandum in Support of Motion to Dismiss, Section III B-2 The arbitration clause in the Merger Agreement makes no specific reference to discovery. Discovery in arbitration is generally more limited than in federal court litigation Consequently, until the Court decides whether the Earnout dispute is to be litigated or arbitrated, the Goels should not be permitted to take premature advantage of the liberal discovery provisions of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the reasons discussed herein, Envoy and WebMD respectfully request that this Court stay discovery in this action relevant to them pursuant to Federal Rule of Civil Procedure 26(c), pending resolution of their Motion to Dismiss

/s/ Jesse A. Finkelstein
Jesse A. Finkelstein (DSBA 1090)
Michael R. Robinson (DSBA 4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
finkelstein@rlf.com
robinson@rlf.com

*Attorneys for Counterclaim-Defendants Envoy Corporation and WebMD Corporation*

Of Counsel:

Harry T. Daniels
Richard A. Johnston
Mark A. Delaney
Cytheria D. Jernigan
WILMER CUTLER PICKERING
HALE AND DORR LLC
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: June 9, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I, Michael R Robinson, am associate of the law firm of Richards, Layton & Finger, P A , which represents the Counterclaim-Defendants in this action  Pursuant to Local Rule 7 1 1 , I hereby certify that counsel for Counterclaim-Defendants in this matter has conferred in good faith with counsel for Counterclaim-Plaintiffs in an effort to resolve the dispute that is the subject of this motion

_____
Michael R. Robinson

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered copies of the foregoing document to the following:

>Michael P. Stafford, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19879-0391

I further hereby certify that on June 9, 2005, I have mailed by Federal Express, the document(s) to the following non-registered participants:

>Ward B. Coe III, Esquire
>Kevin C. McCormick, Esquire
>WHITEFORD, TAYLOR & PRESTON
>Seven Saint Paul Street, Suite 1400
>Baltimore, MD 21202

_/s/ Michael R. Robinson_
Michael R. Robinson (#4452)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
robinson@rlf.com

RLF1-2884580-1