UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAKOTA IMAGING, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:05-CV-296 (SLR) |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SANDEEP GOEL and ) | |
| PRADEEP GOEL, ) | |
| ) | |
| Defendants/Counterclaim- ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DAKOTA IMAGING, INC., ) | |
| ENVOY CORPORATION, and ) | |
| WEB MD CORPORATION, ) | |
| ) | |
| Counterclaim- ) | |
| Defendants ) | |
| ) | |

### PLAINTIFF/COUNTERCLAIM DEFENDANT DAKOTA IMAGING, INC.'S MOTION FOR PARTIAL STAY OF DISCOVERY PENDING RESOLUTION OF ITS MOTION FOR PARTIAL DISMISSAL OF COUNTERCLAIM

Counterclaim-Defendant Dakota Imaging, Inc ("Dakota") respectfully requests this Court, pursuant to Federal Rule of Civil Procedure 26(c), to partially stay discovery in this case. Specifically, Dakota requests that discovery be stayed on those portions of the Counterclaim which relate to the parties' dispute regarding potential "earnout" payments pursuant to a merger agreement, pending the Court's ruling on Dakota's Motion for Partial Dismissal of Counterclaim ("Motion for Partial Dismiss") filed on June 7, 2005  In support of Dakota's request for a partial stay of discovery, Dakota state as follows:

## BACKGROUND[1]

On April 5, 2004, the Sandeep, Pradeep and two other Dakota shareholders, Carol Gupta and the EAC Investment Limited Partnership, along with Dakota, executed an Agreement and Plan of Merger ("Merger Agreement") with Envoy Corporation ("Envoy") and WebMD Corporation ("WebMD").[2] Under the terms of the Merger Agreement, Envoy purchased Dakota for $40,000,000, with certain adjustments, plus up to an additional potential payment of $25,000,000 (the "Earnout") based on the achievement of increases in Dakota's pre-merger earnings over a three-year period. The Merger Agreement provides that all disputes with respect to the Earnout are to be resolved by an independent accounting firm and/or a single arbitrator. On the same day as the execution of the Merger Agreement, Sandeep and Pradeep signed employment agreements (the "Employment Agreements") with Dakota, which became a wholly-owned subsidiary of Envoy upon closing of the Merger Agreement on April 30, 2004.

On April 6, 2005, Dakota terminated the Goels for cause and Company brought suit against the Goels in the Delaware Court of the Chancery.[3] The suit seeks monetary damages and injunctive relief against the Goals for breach of the Employment Agreements and related causes of action. On May 9, 2005, the Goels filed their Answer and Counterclaim (the "Counterclaim"). The Counterclaim purports to assert three causes of action making <u>collective</u> allegations against Dakota, Envoy and WebMD for: (a) Breach of Employment Agreement

---

[1] In order to avoid unnecessary redundancy, the Dakota incorporate by reference the factual and procedural background of this matter more fully laid out in its memorandum of law supporting its Motions for partial dismissal.

[2] The Merger Agreement also included a subsidiary of Envoy as a nominal party.

[3] On May 16, 2005, the Goels petitioned to remove this action to the United States District Court for the District of Delaware based upon allegations of diversity. Concurrently with the filing of this memorandum of law, Dakota, Envoy and WebMD have jointly filed a motion to remand this action to Chancery Court because the Notice of Removal fails to establish diversity of citizenship.

2

[Count I]; (b) Breach of Implied Covenant of Good Faith and Fair Dealing in regard to both the Employment Agreements and the Merger Agreement [Count II]; and (c) Anticipatory Breach of the Merger Agreement [Count III]. Dakota has moved to dismiss all portions of these Counts which involve the Goels' purported right to an Earnout payment pursuant to the Merger Agreement, as such a dispute must be arbitrated by the express terms of the Merger Agreement.[4] Dakota has not moved to dismiss those portions of the Counterclaim which strictly involve an alleged breach of the Employment Agreements, and Dakota does not request a stay of discovery on that issue.

## ARGUMENT

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court has discretion to stay discovery "for good cause shown."[5] Fed. R. Civ. P. 26(c). Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. Spencer Trask Software & Info. Servs., LLC v. Rpost In'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

**I.     GOOD CAUSE EXISTS FOR A PARTIAL STAY OF DISCOVERY.**

   **A.     A Dispositive Motion Has Been Filed With the Court.**

Dakota has filed a Motion for Partial Dismissal of all provisions in the Counterclaim relating to Earnout payments pursuant to the Merger Agreement because, among other reasons, Dakota has no obligations with regard Earnout payments under the Merger Agreement and, moreover, this issue must be arbitrated pursuant to the explicit terms said agreement. See Memorandum in Support of Motion for Partial Dismissal, Section III.

---

[4] Envoy and WebMD have moved to dismiss the Counterclaim in its entirety and thus have filed a motion to completely stay discovery as to them.

[5] Pursuant to Federal Rule 26(c), attached as Exhibit A to this Motion is a Certification that Defendants' counsel has conferred with Defendants/Counterclaim-Plaintiffs' counsel in good faith in an attempt to resolve the dispute that is the subject matter of this Motion.

### B. The Length of Requested Partial Stay is Reasonable in Length.

Dakota requests only that discovery be stayed until their Motion for Partial Dismissal is decided by the Court. Such a stay does not represent an unreasonable delay and, depending upon the Court's ultimate ruling, the need for discovery may be vastly reduced in scope. Particularly in light of the strength of Dakota's Motion for Partial Dismissal, proceeding with such a process could be costly, burdensome, and most important, unwarranted at this stage. See In re Green Valley Beer, 281 B.R. 253, 257 (Bankr. W.D. Pa. 2002) ("'[T]he Court is to bear in mind that the Debtors' estate must be administered as efficiently and economically as possible.'") (quoting In re First Colonial Corp. of Am., 544 F.2d 1291, 1299 (5th Cir. 1977)).

### C. There will be No Prejudice to the Goels from the Granting of a Partial Stay.

A stay of discovery pending resolution of the Motion for Partial Dismissal would not be prejudicial to Goels. Since Dakota filed its initial Complaint in this matter, Dakota has been on notice to use its best efforts to preserve documents related to the allegations of the Complaint. Likewise, since the Goels have filed their Counterclaim, Dakota has been diligent in preserving documents related to the claims therein. Moreover, Dakota is not aware of any reason why the availability of witnesses would be jeopardized by granting the requested stay of discovery. Cf. 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (allowing discovery to proceed where strong likelihood that witnesses' testimony would dissipate due to death or disability).

## II. OTHER RELEVANT FACTORS SUPPORT A PARTIAL STAY OF DISCOVERY.

In addition to the existence of good cause as required by Federal Rule 26(c), courts may look at other relevant factors support a stay of discovery pending resolution of a Motion to Dismiss, include: (a) the likely breadth of the discovery based on the allegations of the

4

Counterclaim; (b) the burden of addressing such broad discovery, and (c) the strength of the Motion to Dismiss. See Spencer Trask Software & Info. Servs., 206 F.R.D. at 368. All of these factors weigh in favor of staying discovery with regard to the Dakota.

### A. The Goels' Vague and Ambiguous Counterclaim Will Lead to Overly Broad Discovery.

Here, the burdens on Dakota from any discovery are increased because of the Counterclaim's lack of specificity. The Counterclaim is exceedingly confusing as to which causes of action the Goels are asserting against which defendant. In its introductory clause, the Goels refer to Dakota, WebMD and Envoy collectively as "Dakota." [Counterclaim ¶6] However, the numbered paragraphs of the Counterclaim often refer to "Dakota" in a manner that could only mean Dakota itself. [See e.g., Counterclaim ¶¶26-29] Furthermore, in paragraphs 41, 49 and 53, the Counterclaim refers separately to Dakota, Envoy and WebMD. Then, the final paragraph of the Counterclaim seeks judgment in the Goels' favor against "Dakota." The Goels also are vague as to which defendants are the intended targets of the specific counts of the Counterclaim. No specific defendant is identified in the headings of any of the three counts and it is not clear whether the vague and ambiguous terminology throughout the Counterclaim is intentional.

As a result, any discovery relating to the Merger Agreement and the Goels' alleged right to an Earnout payment will lack focus and likely be overly broad. Even the Initial Disclosures mandated by Federal Rule 26(a)(1) would present significant difficulties for Dakota. The Rule requires a party, among other things, to specify individuals and documents or categories of documents that it may use "to support its ... defenses." As described above, Dakota cannot in most cases ascertain from the Counterclaim which Counts apply to which Counterclaim-Defendant.

### B. Dakota will Bear a Significant Burden if Discovery is not Stayed.

Moreover, the burden of responding to discovery relating to such vague and poorly pleaded allegations could be onerous. This burden will be greatly reduced by staying discovery until the Court rules on the Motion for Partial Dismissal. See Weisman v. Mediq, Inc., C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D.Pa. 1995) ("By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned.")

### C. The Dakota have put forth Strong Arguments in its Motions for Partial Dismissal.

Together with the factors described above, the strength of Dakota's Motion for Partial Dismissal mandate that discovery be stayed. The Motion for Partial Dismiss is likely to result in a vast narrowing of claims which Dakota must defend. As has been fully described in the Motion for Partial Dismissal, at least Counts II and III[6] of the Counterclaim are subject to full or partial dismissal for failure to state a claim against the Dakota upon which relief can be granted because, among other things:

- Count II alleges breach of the duty of good faith and fair dealing by all the Counterclaim-Defendants with regard to both the Employment Agreements and the Merger Agreements insofar as the Counterclaim-Defendants interfered with the Goels purported right to Earnout payments, but: (a) Dakota has no obligations under the Merger Agreement with regard to Earnout payments; (b)and (b) Dakota was specifically absolved of the relevant liability under the very terms of the Merger Agreement; and (c) disputes related to Earnout payments must be arbitrated by the explicit terms of the Merger Agreement; and

- Count III alleges anticipatory breach of the Merger Agreement by all the Counterclaim-Defendants insofar as they allegedly breached the Earnout provision of the Merger Agreement, but such a dispute must be arbitrated by the explicit terms of the Merger Agreement.

---

[6] Count I appears to be primarily aimed at recovering damages under the Employment Agreements, but because of the vague wording, it is not entirely clear if the Goels are also seeking Earnout related damages pursuant to Count I. To the extent they are, discovery relating to that issue in Count I should be stayed as well.

To grant a stay based upon a motion to dismiss (or partial motion), the Court need only determine that the moving party have "substantial arguments" for dismissal. Spencer Trask, 206 F.R.D. at 368; see also Rivera v. Heyman, C.A. No. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss "appear[ed] to be substantially grounded."), Weisman v. Mediq, Inc., C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (granting stay where "the comprehensive motion may be decided on the pleadings an may potentially lead to dismissal of the entire action."). As the Court will see, Dakota's Motion for Partial Dismissal more than meets this standard.

### III. IF CERTAIN CLAIMS MUST BE ARBITRATED, THE ARBITRATOR SHOULD DECIDE THE EXTENT OF DISCOVERY TO BE ACCORDED THE PARTIES.

Dakota has argued, in part, that if the Goels are entitled to assert claims against them with respect to the Earnout payments under the Merger Agreement, those claims must be arbitrated, not litigated. See Dakota's Memorandum in Support of Motion for Partial Dismiss, Section III. The arbitration clause in the merger agreement makes no specific reference to discovery. Discovery in arbitration is generally more limited than in federal court litigation. Consequently, until the Court decides whether the Earnout dispute is to be litigated or arbitrated, the Goels should not be permitted to take premature advantage of the liberal discovery provisions of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the reasons discussed herein, pursuant to Federal Rule of Civil Procedure 26(c), Dakota respectfully request that this Court partially stay discovery in this action with respect to those portions of the Counterclaims that relate to the parties' dispute regarding potential "earnout" payments pursuant to the Merger Agreement, pending resolution of its Motion for Partial Dismissal.

*[signature]*

Jesse A. Finkelstein (DSBA 1090)
Michael R. Robinson (DSBA 4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
finkelstein@rlf.com
robinson@rlf.com

*Attorneys for Plaintiff/Counterclaim-Defendants Dakota Imaging, Inc.*

Of Counsel:

Harry T. Daniels
Richard A. Johnston
Mark A. Delaney
Cytheria D. Jernigan
WILMER CUTLER PICKERING
HALE AND DORR LLC
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: June 9, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I, Michael R. Robinson, am associate of the law firm of Richards, Layton & Finger, P.A., which represents the Plaintiff/Counterclaim-Defendant in this action. Pursuant to Local Rule 7.1.1., I hereby certify that counsel for Plaintiff/Counterclaim-Defendant in this matter has conferred in good faith with counsel for Counterclaim-Plaintiffs in an effort to resolve the dispute that is the subject of this motion.

*[signature]*
Michael R. Robinson

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered copies of the foregoing document to the following:

Michael P. Stafford, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19879-0391

I further hereby certify that on June 9, 2005, I have mailed by Federal Express, the document(s) to the following non-registered participants:

Ward B. Coe III, Esquire
Kevin C. McCormick, Esquire
WHITEFORD, TAYLOR & PRESTON
Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202

_____
Michael R. Robinson (#4452)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
robinson@rlf.com

RLF1-2884580-1