## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAKOTA IMAGING, INC., )<br><br>    Plaintiff, )<br><br>v. )<br><br>SANDEEP GOEL AND )<br>PRADEEP GOEL )<br><br>    Defendants/Counterclaim- )<br>    Plaintiffs, )<br><br>v. )<br><br>DAKOTA IMAGING, INC., )<br>ENVOY CORPORATION, AND )<br>WEB MD CORPORATION, )<br><br>    Counterclaim-Defendants. )<br> ) | Civil Action No:    1:05-CV-296 (SLR)<br><br>JURY TRIAL DEMANDED |

## OPPOSITION TO MOTION TO REMAND

Defendants/Counterclaim-Plaintiffs, Sandeep Goel and Pradeep Goel (the "Goels"), by their attorneys, hereby oppose the Motion to Remand filed by Plaintiff/Counterclaim-Defendant, Dakota Imaging, Inc., and Counterclaim-Defendants Envoy Corporation and WedMD Corporation ("Dakota," "Envoy," and "WebMD," respectively). As grounds for this Opposition, the Goels state as follows:

1.    Dakota initially sued the Goels on or about April 6, 2005, in the Delaware Court of Chancery for New Castle County.

2.    After being served, the Goels answered that Complaint and filed Counterclaims against Dakota and its corporate affiliates/parents, Envoy and WebMD.

3.    Thereafter, on May 16, 2005, the Goels timely removed the state Court action to this Court on the basis of diversity, pursuant to 28 U.S.C. § 1332.

4.    As indicated in the attached Affidavits of Sandeep Goel and Pradeep Goel (*Attachments A, B*), both Goels, since December 2003 and continuing to date, have been residents and citizens of Florida, living at 7700 NE 8th Way, Boca Raton, Florida, 33487.

5.    Since December 2003 and continuing to date, both Goels have paid Florida state and local taxes, have had Florida driving licenses, are registered to vote in Florida, and maintain personal banking accounts in Florida where they both own real estate, as well. Moreover, both Goels intend to remain citizens of Florida indefinitely.

6.    In their Opposition, Dakota, as well as Envoy and WebMD, have moved to remand the instant matter, making a number of allegations, none of which warrant the relief that they have requested.

7.    For example, Dakota, Envoy and WebMD raise the claim that the Goels are only "residents" of Florida and, therefore, complete diversity of citizenship is not established. However, as made clear in the attached Affidavits from the Goels, both are, in fact, residents and citizens of the state of Florida, where they reside, own property, vote, pay taxes, and maintain personal bank accounts.

8.    Moreover, Dakota, Envoy and WebMD also suggest that because no specific allegations were made as to their citizenship, complete diversity in this matter is lacking, mandating that this matter must be removed to the state Court. Again, there is no legal or factual basis to support that assertion. Indeed, in its Complaint, Dakota acknowledges that it is a Maryland corporation with a principal place of business in Maryland. Dakota is a wholly owned subsidiary of Envoy Corporation and Envoy, in turn, is a wholly owned subsidiary of WebMD

Corporation, which is incorporated in Delaware. *See Pg. 2, Complaint.* Neither WebMD nor

Envoy have a principal place of business in Florida, so as to defeat complete diversity between

the Goels and Dakota, Envoy and WebMD. *See McCracken v. Murphy*, 328 F.Supp. 2d 530

(D.C. Del. 2004); *aff'd.* 2005 U.S. App. Lexis 7557*. *See also, Krasnov v. Dinan*, 465 F.2d

1298, 1301-1302 (3rd Cir. 1972).

     9.    Dakota, Envoy and WebMD also suggest that the Court should not infer diversity

of citizenship because "the record to date" leads to a contrary inference, more specifically, that

Pradeep Goel is a citizen of Maryland. Again, there is no factual or legal basis to support this

assertion.

     10.    In support of this claim, Dakota, Envoy and WebMD offer a number of

observations regarding Pradeep Goel, and actions that took place well before the filing of the

instant lawsuit. As the Court is well aware, the appropriate time for determining whether there is

complete diversity to vest this Court with jurisdiction is at the time the initial Complaint was

filed in this matter, on or about April 6, 2005. *Freeport-McMoRan, Inc. v. K.N. Energy, Inc.*,

498 U.S. 426, 428, 111 S.Ct. 858 (1991) (per curiam). Thus, any actions that may have occurred

prior to this date are irrelevant to this determination. Moreover, as demonstrated by the Goels'

Affidavit, they are and have been since December 2003, residents and citizens of Florida, and

none of the other parties, Dakota, Envoy or WebMD are citizens of that state.

     11.    Finally, Dakota, Envoy and WebMD assert that this matter should be remanded

because they may bring in another Maryland party, depending on this Courts' rulings on other

pending Motions that have been filed by Envoy and WebMD. While such candor by counsel as

to what future actions they may take in the course of this litigation is appreciated, it does not

provide any legal basis, at this juncture, for remanding this matter at this time.

WHEREFORE, Defendants/Counterclaim-Plaintiffs, Sandeep Goel and Pradeep Goel, respectfully request that the Court deny the pending Motion to Remand, as the Court has complete diversity jurisdiction in this case. If, however, the Court believes that further evidentiary support may be needed to establish such complete diversity, then the parties should be permitted to conduct limited discovery on that issue prior to the Court's ruling on the Motion to Remand.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6553
Fascimile: (302) 576-3461
Email: mstafford@ycst.com

Attorneys for Defendants/Counterclaim-Plaintiffs

OF COUNSEL:
Ward B. Coe, III, Esquire
Kevin C. McCormick, Esquire
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street, Suite 1300
Baltimore, Maryland 21202-1626
(410) 347-8700
wcoe@wtplaw.com
kmccormick@wtplaw.com

Dated: June 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2005, I electronically filed a true and correct copy of the foregoing Defendants/Counterclaim-Plaintiffs' Opposition to Motion to Remand, along with its related attachments, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Jesse A. Finkelstein
Michael R. Robinson
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801

I further certify that on June 28, 2005, I caused a copy of the foregoing Defendants/Counterclaim-Plaintiffs' Opposition to Motion to Remand, along with related attachments, to be served by hand-delivery on the following counsel of record:

Jesse A. Finkelstein
Michael R. Robinson
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801

I further certify that on June 28, 2005, I served the foregoing Defendants/Counterclaim-

Plaintiffs' Opposition to Motion to Remand, along with related attachments, on the following

non-registered participants by first-class United States mail:

Harry T. Daniels, Esquire
Richard A. Johnson, Esquire
Cytheria D. Jernigan, Esquire
WILMER CUTLER PICKERING HALE AND DORR
60 State Street
Boston, Massachusetts 02109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19879-0391
Telephone:    (302) 571-6553
Facsimile:    (302) 576-3461
Email:        mstafford@ycst.com

Dated: June 28, 2005