**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DAKOTA IMAGING, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SANDEEP GOEL and PRADEEP GOEL,**<br><br>**Defendants/Counterclaim-Plaintiffs,**<br><br>**v.**<br><br>**DAKOTA IMAGING, INC., ENVOY CORPORATION, and WEB MD CORPORATION,**<br><br>**Counterclaim-Defendants** | ) | **Civil Action No. 1:05-CV-296 (SLR)**<br><br>**JURY TRIAL DEMANDED** |

**SCHEDULING ORDER**

This 28th day of June, 2005, the plaintiff, Dakota Imaging, Inc ("Plaintiff"), and the defendants, Sandeep Goel and Pradeep Goel ("Defendants"), having satisfied their obligations under Fed R Civ P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed R Civ. P. 16 and D Del LR 16 2(a) and (b),

IT IS ORDERED that:

1 Pre-Discovery Disclosures. The parties are in the process of exchanging the information required by Fed. R Civ P. 26(a)(i) and D Del LR 16 2. All parties will exchange such information **by July 1, 2005.**

2 Discovery.

(a) After conferring, the parties have identified the following subjects upon which one or both of them will seek discovery:

(i) Whether there were sufficient grounds for termination of the Defendants;

(ii) Whether Defendants have engaged in any post-termination conduct prohibited under their Employment Agreements;

(iii) Whether there has been a breach of the Agreement and Plan of Merger dated April 5, 2004 (the "Merger Agreement"); and

(iv) Whether there has been an inexcusable failure to pay Defendants the Earn-Out under the Merger Agreement

The parties expressly reserve their right to object to any of the aforementioned discovery and seek discovery on other topics necessary to prepare this matter for trial

(b) All fact discovery shall be commenced in time to be completed by **January 31, 2006**

(c) There shall be a maximum of **fifty (50)** interrogatories to be propounded by each party to any other party However, the parties expressly reserve the right to move the Court for permission to propound additional interrogatories should they deem it necessary as the case progresses

(d) There shall be a maximum of **seventy-five (75)** requests for admission propounded by each party to any other party However, the parties expressly reserve the right to move the Court for permission to propound additional requests for admission should they deem it necessary as the case progresses

(e) There shall be a maximum of **fifteen (15)** depositions by Plaintiff and **fifteen (15)** depositions by Defendants However, the parties expressly reserve the right to move

the Court for permission to take additional depositions or agree that additional depositions be taken should they deem it necessary as the case progresses

(f) Each deposition is limited to a maximum of one day of **seven (7)** hours unless extended by agreement of the parties

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof are due by **February 28, 2006**. Rebuttal expert reports due by **March 30, 2006** All expert discovery shall be completed by **April 30, 2006.**

(h) Supplementations under Rule 26(e) due by **November 15, 2005**

(i) Discovery Disputes. Any discovery dispute shall be submitted to the Court pursuant to Fed R. Civ P. 37 During the course of discovery, each party is limited to **two (2)** Rule 37 motions The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order

3 Joinder of other Parties, Amendment of Pleadings, and Class Certification. All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before **October 15, 2005.**

4 Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility ADR

5 Summary Judgment Motions. All summary judgment motions shall be served and filed with an opening brief on or before **June 2, 2006**. Briefing shall be pursuant to D Del LR 7 1 2, with the exception that response to such summary judgment motion shall be filed within 30 days after service of such motion, and reply to such response shall be made within 15 days

after service of such response. No summary judgment motion may be filed more than **ten (10)** days after the above date without leave of the court.

6 Applications by Motion. Any application to the court shall be by written motion filed with the clerk Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers **Any non-dispositive motion shall contain the statement required by D. Del. L.R 7.1.1.**

7 Motions in Limine. All motions *in limine* shall be filed no later than **September 14, 2006**. All responses to said motions shall be filed no later than **September 21, 2006**

8 Pretrial Conference. A pretrial conference will be held on **Thursday, September 28, 2006** at **4:30 p.m.** in Courtroom 6B, Sixth Floor Federal Building, 844 N King Street, Wilmington, Delaware The Federal Rules of Civil Procedure and D Del. LR 16 4 shall govern the pretrial conference

9 Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to **D. Del. LR 47.1 and 51.1**, the parties should file proposed voir dire, instructions to the jury and special verdicts and interrogatories **three (3)** full business days before the final pretrial conference

10 Trial. This matter is scheduled for a **ten-day**-long jury trial commencing on Tuesday, October 10, SLR ~~**Monday, October 9**~~, **2006** in Courtroom 6B, Sixth Floor Federal Building, 844 N King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases

Sue L Robinson
United States District Judge

RLF1-2883350-1