IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAKOTA IMAGING, INC. <br><br> Plaintiff, <br><br> v. <br><br> SANDEEP GOEL and PRADEEP GOEL, <br><br> Defendants/Counterclaim Plaintiffs, <br><br> v. <br><br> DAKOTA IMAGING, INC. ENVOY CORPORATION and WEBMD CORPORATION <br><br> Counterclaim Defendants. | C.A. No. 1:05-cv-296 (SLR) <br><br> JURY TRIAL DEMANDED |

REPLY MEMORANDUM OF COUNTERCLAIM DEFENDANTS
ENVOY CORPORATION AND WEBMD CORPORATION
IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Counterclaim Defendants Envoy Corporation ("Envoy") and WebMD Corporation ("WebMD") submit this Reply Memorandum in support of their Motion to Stay Discovery. Counterclaim Plaintiffs Sandeep Goel and Pradeep Goel ("the Goels") have asserted various, unsustainable claims against Envoy and WebMD which are defective, in part, because they violate a contractual arbitration clause. The Goels have failed to cite any supporting case law for their assertion that under these circumstances Envoy's and WebMD's request for a decision on dispositive motions before discovery proceeds against them is inappropriate. Discovery against Envoy and WebMD should be

RLF1-2898217-1

stayed until the Court decides which, if any, claims survive in this Court and which claims are subject to arbitration under the terms of the Merger Agreement among the parties.

I. **THE COURT IS EMPOWERED TO STAY DISCOVERY WHERE ENVOY AND WEBMD HAVE A STRONG BASIS FOR DISMISSAL OF THE COUNTERCLAIMS AGAINST THEM.**

   A. **The Court Has Discretion to Stay Discovery Pending a Ruling on a Dispositive Motion.**

Pursuant to Fed. R. Civ. P. 26(c), the Court has discretion to stay discovery "for good cause shown." Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). To grant a stay based upon a motion to dismiss (or seeking partial dismissal, the Court need only determine that the moving party has "substantial arguments" for dismissal. Spencer Trask, 206 F.R.D. at 368; see also Rivera v. Heyman, No. Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)[1] (granting stay where motion to dismiss "appear[ed] to be substantially grounded"); Weisman v. Mediq, Inc., No. Civ. A. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (granting stay where "the comprehensive motion . . . may be decided on the pleadings and may potentially lead to dismissal of the entire action"). As set forth below, Envoy and WebMD have raised substantial grounds for dismissal of all claims against them — either because they have no liability for certain claims as a matter of law or because the claims are required to be arbitrated pursuant to the Merger Agreement.

---

[1] Unreported decisions are attached hereto under Tab A in alphabetical order.

B.      **The Goels are Attempting to Litigate Certain Claims Against the Wrong Parties.**

Envoy's and WebMD's motions to stay discovery are based, in part, upon their likelihood of success on motions to dismiss counterclaims against them. See Memorandum in Support of Motion by Envoy Corporation and WebMD Corporation to Dismiss Counterclaim ("Memo on Motion to Dismiss") pp. 6-10; Envoy's and Web MD's Reply Brief in Support of its Motion to Dismiss, pp. 2-12. Claims against Envoy and WebMD with respect to the Employment Agreement should be dismissed because Envoy and WebMD did not terminate the Goels' employment, Plaintiff and Counterclaim Defendant Dakota Imaging, Inc. ("Dakota") did. See Memo on Motion to Dismiss, pp. 10-11. Furthermore, claims pursuant to the Merger Agreement against WebMD related to potential "Earnout Payments" to the Goels should be dismissed because WebMD has no liability for Earnout Payments; only Envoy does. See Id., pp. 11-13.

Simply asserting unsustainable legal claims under the Employment Agreement and/or Merger Agreement against Envoy or WebMD does not entitle the Goels to discovery. Given the strong likelihood that the claims against both Envoy and WebMD will be dismissed, discovery against them should be stayed.

C.      **The Goels are Attempting to Litigate Issues Which Should be Resolved in Arbitration.**

The Goels also have asserted claims that do not belong in this Court. The Goels do not dispute the existence of a controlling arbitration provision in this matter. See Opposition ¶ 13 ("... there is a narrow arbitration provision contained in the Merger Agreement, *See Merger Agreement, § 1.7* ...")(*emphasis in the original*). The arbitration clause, while narrow in the sense that it deals with the issue of Earnout Payments potentially due to the Goels, is broad in the sense that it requires all unresolved Earnout-

- 3 -

RLF1-2898217-1

related issues to be arbitrated, rather than litigated. Pursuant to their motion to stay discovery, Envoy and WebMD seek a definitive ruling relative to arbitration before being forced to comply with anticipated broad discovery requests from the Goels.

Given the strong likelihood that Earnout-related issues will be required to be arbitrated and the different, more limited discovery generally available in arbitrations (as distinguished from that available under the Federal Rules of Civil Procedure), the Court should stay discovery while it determines the effect of the arbitration provision addressed in the Envoy's and Web MD's motion to dismiss.

## II. THE GOELS HAVE OFFERED NO CONVINCING ARGUMENTS TO SUPPORT PROCEEDING WITH DISCOVERY AGAINST ENVOY AND WEBMD BEFORE THE MOTIONS TO DISMISS ARE DECIDED.

Although faced with persuasive grounds for dismissal of the counterclaims and case law supporting stays of discovery in such cases, the Goels have raised no credible legal arguments as to why they should be permitted discovery now. First, the Goels' Opposition to Envoy's and WebMD's motions to dismiss do not overcome the legal infirmities in their Counterclaims. See Memo on Motion to Dismiss, pp. 6-12; Envoy and WebMD Reply Memorandum in Support of Motion to Dismiss ("Reply Memo on Motion to Dismiss"), pp. 2-4. Second, nowhere in the Opposition do the Goels seek to distinguish the case law in which courts routinely stay discovery where a viable motion to dismiss is pending. Neither have the Goels cited any cases to support their assertion that it is "uncommon to stay all discovery against [a] party whenever a motion to dismiss is filed." Opposition, p. 7. In seeking to counter Envoy's and WebMD's substantive arguments for dismissal, the Goels merely state the obvious: that the "ultimate decision on [the motion to dismiss], is for the Court, not counsel." Opposition, p. 7. Envoy and WebMD agree. The Goels will be entitled to discovery if they prevail against Envoy and

- 4 -

RLF1-2898217-1

WebMD on the motion to dismiss. In the meantime, however, Envoy and WebMD should not be forced to respond to discovery sought from parties who either have no liability to the Goels/or have a right to arbitrate, rather than litigate, any disputed liability as to Earnout Payments.

The Goels also argue that they will be "severely prejudiced" if a stay is granted. Opposition, p. 6. Their assertion is unfounded. As an initial matter, the Goels are not entitled to discovery in connection with their opposition to Envoy's and Web MD's pending motions to dismiss their counterclaims. The dismissal motions will be decided on the basis of the allegations in the counterclaim, the documents referred to therein, and the law. See Rivera v. Heyman, 1997 WL 86394, at *1 (explaining that "in the case of a dismissal motion, evidence outside the pleadings is not considered. [A party] has no need for discovery to oppose the motion, and therefore this reason for denying a stay of discovery is absent"). The Goels' legal memorandum with respect to the motion to dismiss already has been filed with the Court. The Goels argue weakly that they may be prejudiced by a stay because certain witnesses may have to be deposed twice. However, no party has served any deposition notices to date and depositions are unlikely to be taken until after other forms of discovery are undertaken or completed. The length of the requested stay is not indefinite. The motions to dismiss have been fully briefed. The Goels have not asserted that the motions to dismiss will not be decided in the near future. Finally, should this Court grant the stay of discovery pending its ruling on the motions to dismiss, there will be no loss of relevant material. Envoy and WebMD are preserving documents related to the disputes among the parties. In summary, the Goels have not

shown and cannot show that they will be prejudiced by the requested stay of discovery sought by Envoy and WebMD.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in their opening brief, Envoy and WebMD respectfully request that the Court stay discovery against them pursuant to Fed. R. Civ. P. 26(c), pending resolution of their motion to dismiss the Goels' counterclaims.

/s/ Michael R. Robinson
Jesse A. Finkelstein (DSBA 1090)
Michael R. Robinson (DSBA 4452)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(301) 651-7700
finkelstein@rlf.com
robinson@rlf.com

*Counsel for Counterclaim-Defendants WebMD Corporation and Envoy Corporation*

Of Counsel:

Harry T. Daniels
Richard A. Johnston
Mark A. Delaney
Cytheria D. Jernigan
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: July 11, 2005

- 6 -

RLF1-2898217-1

# TAB A

**Westlaw.**

Not Reported in F.Supp.
1997 WL 86394 (S.D.N.Y.)
(Cite as: 1997 WL 86394 (S.D.N.Y.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available

United States District Court,
S.D. New York
Amador RIVERA, Plaintiff,
v.
I. Michael HEYMAN, Secretary, Smithsonian
Institution; Luis A. Palau; and
Edward G. Dolan, Defendants.
No. 96 Civ. 4489(PKL).

Feb. 27, 1997.
Gregory Antollino, New York City

Martin J. Siegel, Assistant United States Attorney, New York City.

*MEMORANDUM ORDER*

LEISURE, District Judge

*1 The above-captioned matter is an action for employment discrimination on the basis of disability under the Vocational Rehabilitation Act of 1973, 28 U.S.C. § 710 *et seq.*, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 295 *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), Admin. Code § 8-107; for unlawful employment retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the NYSHRL, and the NYCHRL; and for injuries under various common law theories. Plaintiff claims that defendants discriminated against him on the basis of the fact that he is infected with the Human Immunodeficiency Virus ("HIV"), and retaliated against him for opposing such discrimination.

Defendants intend to move for dismissal on the grounds of sovereign immunity and failure to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 1346. Before the Court is defendants' request for a stay of discovery pending disposition of the motion.

DISCUSSION

The trial court has considerable discretion to control the discovery process in cases before it. Rule 26(c) of the Federal Rules of Civil Procedure allow a district court to stay part or all of the discovery process for good cause shown. For example, in *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 105 (2d Cir.1981), the Court of Appeals for the Second Circuit held that the district court "acted well within its discretion" when it granted a stay of discovery pending determination of defendants' motion for summary judgment. [FN1]

> FN1. Plaintiff seeks to distinguish the *Contemporary Mission* case by pointing out that it involved a pending motion for summary judgment whereas the instant action involves a pending motion for dismissal. Plaintiff is correct that the onerous legal standard for dismissal makes such a motion difficult to obtain and thus arguably counsels against the granting of a stay pending decision. However, another difference between a motion for summary judgment and one for dismissal points in the opposite direction. A plaintiff denied discovery because of the filing of a summary judgment motion has a powerful argument that the stay could directly cause plaintiff to fail to meet its burden in opposing the summary judgment motion. In the case of a dismissal motion, evidence outside the pleadings is not considered. The plaintiff has no need for discovery to oppose the motion, and therefore this reason for denying a stay of discovery is absent.

Defendants are about to file a motion which could well dispose of many of the issues in this case, if not the entire action. The Court cannot, of course, predict the outcome of the motion until it is brought and briefed by the parties, but it is enough to note that defendants appear at this stage to have a substantial argument for dismissal. Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.

Plaintiff's counsel argues principally that: (1) a stay of discovery will unduly delay this action; and (2)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1997 WL 86394 (S.D.N.Y.)
(Cite as: 1997 WL 86394 (S.D.N.Y.))

Page 2

the scope of discovery will not be significantly narrowed because the Title VII retaliation claims--as to which defendants do not have a sovereign immunity defense--will require essentially the same discovery as the non-Title VII claims. Neither argument is convincing. Plaintiff bases his first argument on his contention that defendants' motion lacks merit. If the Court were convinced that defendant had a minimal probability of success on its dispositive motion or that such a motion was merely a delay tactic, then a stay of discovery would be denied. However, the motion, upon preliminary examination, appears to be substantially grounded. This action was commenced in June of 1996. A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.

*2 As to plaintiff's second argument, defendants' apparent position with regard to the Title VII retaliation claims is not that dismissal is warranted on sovereign immunity grounds, but rather on the grounds that plaintiff's claims are not covered under Title VII. Indeed, plaintiff's first amended complaint alleges that defendants retaliated against him on the basis of his filing of discrimination charges in December of 1993. *See* First Am. Compl. ¶ 90. Those charges related to plaintiff's claim that he was discriminated against on the basis of his HIV status. *See id.* ¶¶ 16-24. Title VII's anti-retaliation provision covers claims of retaliation on the basis of activities protected *under Title VII,* including the filing of charges of discrimination on the basis of race or gender. *See* 42 U.S.C. § 2000e-3(a) (1994). Filing charges of *disability* discrimination does not appear to constitute an activity protected under Title VII. Thus, contrary to plaintiff's position, the Title VII cause of action may be subject to dismissal as well.

CONCLUSION

The requested stay of discovery pending disposition of the motion for dismissal is HEREBY GRANTED. The parties are HEREBY ORDERED to comply with the following briefing schedule for the motion to dismiss: (1) defendants shall file the motion on or before March 3, 1997; (2) plaintiff shall file his opposition on or before March 24, 1997; and (3) defendants shall file their reply, if any, on or before March 31 1997. Failure by defendants to comply with the above deadlines, absent an extension by consent of the parties and endorsed by this Court in advance of the due date, will result in lifting of the stay.

1997 WL 86394 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:96cv04489 (Docket) (Jun. 17, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.


Westlaw.

Not Reported in F.Supp                                                                                         Page 1
1995 WL 273678 (E.D.Pa.), RICO Bus.Disp.Guide 8802
(Cite as: 1995 WL 273678 (E.D.Pa.))

C

**Motions, Pleadings and Filings**

United States District Court,
E.D. Pennsylvania.
WEISMAN
v.
MEDIQ, INC., et al.
**Civ. A. No. 95-1831.**

May 3, 1995

Brian P. Kenney, Mark J. Schwemler, Elliott, Reihner, Siedzikowski, North & Egan, P.C., Blue Bell, PA, for plaintiff.

David H. Pittinsky, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for Defendant Mediq, Inc.

Michael J. Holston, Philadelphia, PA, for defendants Mediq Imaging Services, Inc., American Cardiovascular Imaging Labs, Inc., Mediq Mobile X-Ray and EKG, Inc.

MEMORANDUM

RENDELL, District Judge.

*1 Before the Court are (1) plaintiff's Motion for Leave to Take Expedited Discovery; (2) defendants' Motion to Stay Discovery; and (3) plaintiff's Motion to Compel Non-Party Mediq Mobile X-Ray and EKG, Inc. to Comply with Subpoena. For the following reasons, plaintiff's motions will be denied and defendants' motion will be granted.

I. Background

Plaintiff filed the instant action on March 29, 1995, alleging various acts of misconduct relating to fraudulent Medicare overcharges in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, et seq., the whistleblower provision of the False Claims Act, 31 U.S.C. § 3730(h), and various state laws. Defendants filed a motion to dismiss on May 2, 1995.

Prior to the filing of the motion to dismiss, the parties filed the three discovery motions now before the Court. Plaintiff's two motions respectively seek leave to take expedited discovery of both defendants and non-parties, and to compel one non-party to comply with a subpoena previously issued by plaintiff. Defendants' motion seeks a stay of discovery during the pendency of the motion to dismiss.

II. Discussion

As grounds for its motion to expedite, plaintiff contends that defendants are currently engaged in a whitewashing scheme to disguise their alleged misconduct, which scheme may include destruction of evidence, attempts to mislead potential witnesses, and other like acts. Plaintiff offers no evidence of such a scheme, other than two letters authored by defendant Stephen Doppelt, an executive of Mediq Imaging Services, Inc. ("MIS"), in which Mr. Doppelt, writing to MIS clients, addresses certain of the issues raised in plaintiff's complaint. While plaintiff construes these letters as a deceptive attempt to cover up acts of wrongdoing, defendants characterize the letters as a sincere effort to clarify proper billing procedures in light of the concerns previously raised by plaintiff. [FN1]

These arguments on the issue of expedited discovery must be considered in conjunction with the arguments presented by the parties in regard to defendants' motion to stay discovery. In fact, the motion to expedite is now technically moot. On March 30, 1995, plaintiff provided defendants with its self-executing disclosures pursuant to the Eastern District's Civil Justice Expense and Delay Reduction Plan ("District Plan") Section 4:01, and at that time made a written demand for early disclosure from defendants pursuant to Section 4:01(a)(1)(D); thirty days having passed since plaintiff's disclosure and demand, plaintiff is now entitled to "seek discovery" from both defendants and non-parties. District Plan, Section 4:01(b). Thus, the relevance of the aforementioned arguments is now directed toward the issue of whether discovery should be stayed rather than whether it should be expedited.

In regard to the motion to stay discovery, courts are empowered under the Federal Rules of Civil Procedure to impose a stay of discovery on a showing of good cause. Fed. R. Civ. P. 26(c); *Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985). In the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1995 WL 273678 (E.D.Pa.), RICO Bus.Disp.Guide 8802
**(Cite as: 1995 WL 273678 (E.D.Pa.))**

Page 2

instant case, defendants argue that their motion to dismiss, now pending, may dispose of the entire action and therefore constitutes good cause for staying the broad discovery sought by plaintiff--as to both defendants and non-parties--until the motion is decided. Plaintiffs respond with three arguments: (1) that defendants cannot ensure that their employees will preserve potentially incriminating evidence (i.e. the arguments raised in support of the motion to expedite); (2) that dismissal of the entire case is unlikely; and (3) that non-party discovery is of no moment to defendants.

*2 While a court should not automatically stay discovery when a motion to dismiss is filed, a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay. See Coca-Cola Bottling Co. v. Grol, 1993 U.S. Dist. LEXIS 3734, at *6-7 (E.D.Pa.). Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay. See Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay where dispositive motion decided strictly on pleadings); Jackson v. Northern Telecom, Inc., 1990 WL 39311, at *1 (E.D.Pa.) (granting stay under same circumstances); cf. United Mine Workers of America v. Arch Mineral Corp., 145 F.R.D. 3, 7 (D.D.C. 1992) (denying stay where discovery relevant to disposition of motion).

Applying these standards to the case at hand, I conclude that a stay of discovery is appropriate. Having reviewed the motion to dismiss, but without having formed an opinion as to the merits, I find that the comprehensive motion--which challenges both federal claims as well as all state claims--may be decided on the pleadings and may potentially lead to dismissal of the entire action. The motion is now before me and, assuming that both parties submit response and reply briefs in a timely fashion, will be decided in the near future. By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned.

Conversely, I do not find that plaintiff will be prejudiced by a stay in any significant way. More specifically, I am not persuaded by plaintiff's contention that a delay will result in loss or alteration of potential evidence or witness testimony. Such conduct would constitute a serious breach of ethics and a possible violation of law. [FN2] This case is no different from the tens of hundreds of cases where a plaintiff accuses a defendant of fraudulent acts; such accusation does not carry with it a presumption that evidence will be destroyed, nor is the argument proffered by plaintiff, without evidentiary support, either direct or by inference, sufficiently compelling to create such a presumption.

In regard to the scope of the stay, I will not allow defendants to avoid their responsibility to produce their self-executing discovery in accordance with the District Plan; plaintiff has fulfilled his duty of disclosure, made his demand, and is entitled to reciprocity. I will extend the stay to all non-self-executing discovery, which includes defendants and non-parties alike. Defendants have argued that allowing non-party discovery to proceed will effectively subject defendants to potentially needless expenses--by way of participation and monitoring of non-party discovery--which the stay is intended to prevent. While I am aware that at least one court has ruled that such burdens do not constitute "good cause" for staying discovery, see Howard, 107 F.R.D. at 350, I find that the breadth of non-party discovery sought by plaintiff, combined with the other factors addressed above, warrants granting a stay across the board.

*3 Accordingly, the motion to expedite will be denied as moot and the motion for a stay of discovery will be granted. In light of the stay to be imposed, the motion to compel non-party compliance with subpoena will be denied without prejudice to plaintiff's ability to refile the motion if and when the stay is lifted.

*ORDER*

AND NOW, this 3rd day of May, 1995, upon consideration of (1) plaintiff's Motion for Leave to Take Expedited Discovery; (2) defendants' Motion to Stay Discovery; and (3) plaintiff's Motion to Compel Non-Party Mediq Mobile X-Ray and EKG, Inc. to Comply with Subpoena, and all responses and replies thereto, for the reasons addressed in an accompanying Memorandum, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Take Expedited Discovery is DENIED AS MOOT.

2. Defendants' Motion to Stay Discovery is GRANTED, in that all non-self-executing discovery is hereby STAYED, as to defendants and non-parties

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1995 WL 273678 (E.D.Pa.), RICO Bus.Disp.Guide 8802
**(Cite as: 1995 WL 273678 (E.D.Pa.))**

Page 3

alike, until further ordered by this Court.

3. Plaintiff's Motion to Compel Non-Party Mediq Mobile X-Ray and EKG, Inc. to Comply with Subpoena is DENIED WITHOUT PREJUDICE. Should circumstances warrant the refiling of this motion if and when discovery is reopened, plaintiff is granted leave to do so.

> FN1. Plaintiff also argues that expedited discovery is warranted in light of defendants' alleged current attempt to buy out all of its shareholders and take the company "private." I view this argument as a red herring. Plaintiff fails to articulate any valid reason why such a restructuring should be deemed justification for expedited discovery. A corporation's conversion from public to private status certainly does not entitle it to dispose of documents which may prove relevant to a lawsuit.

> FN2. As mentioned in plaintiff's response brief, defendant Mediq, Inc.'s annual report to the Securities and Exchange Commission acknowledges an ongoing criminal investigation of non-party Mediq Mobile X-Ray relating to improper billing practices, noting its cooperation with authorities. In light of such investigation, defendants are clearly aware of the seriousness of such allegations and the importance of preserving documents and other evidence that may pertain to such matters.

1995 WL 273678 (E.D.Pa.), RICO Bus.Disp.Guide 8802

**Motions, Pleadings and Filings (Back to top)**

• 2:95cv01831 (Docket) (Mar. 29, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered copies of the foregoing document to the following:

Michael P. Stafford, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19879-0391

I further hereby certify that on July 11, 2005, I have mailed by Federal Express, the document(s) to the following non-registered participants:

Ward B. Coe III, Esquire
Kevin C. McCormick, Esquire
WHITEFORD, TAYLOR & PRESTON
Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202

Michael R. Robinson (#4452)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
robinson@rlf.com

RLF1-2884580-1